# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### Filed:  June 2, 2014

* * * * * * * * * * * * * *   *
ROBERT SEARLES, an Individual,          *       UNPUBLISHED
Husband, and Personal Representative     *
of BROOKE SEARLES,                       *       No. 13-318V
                                         *
            Petitioners,                 *       Special Master Dorsey
                                         *
v.                                       *
                                         *       Attorneys' fees and costs; reasonable
SECRETARY OF HEALTH                      *       amount requested to which respondent
AND HUMAN SERVICES,                      *       does not object.
                                         *
            Respondent.                  *
* * * * * * * * * * * * * *   *

Daniel M. Graham, Law Office of Daniel M. Graham, Torrance, CA, for petitioner.
Tara J. Kilfoyle, U.S. Department of Justice, Washington, D.C., for respondent.

## ATTORNEYS' FEES AND COSTS DECISION[1]

On May 6, 2013, Brooke Searles filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that an influenza (flu) vaccine she received on October 18, 2011, caused her to suffer from Guillain-Barré syndrome. On July 25, 2013, the caption was amended to reflect that Robert Searles ("petitioner") had been granted power of attorney over his wife, Brook Searles.  On April 29, 2014, a decision was entered awarding compensation to petitioner based on the parties' stipulation.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  Otherwise, the entire decision will be available to the public.  Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) ("Vaccine Act" or "Act").  All citations in this decision to individual sections of the Act are to 42 U.S.C.A. § 300aa.

1

On May 30, 2014, the parties filed a Stipulation of Fact Concerning Attorneys' Fees and Costs. According to the stipulation, respondent does not object to a total award of attorneys' fees and costs in the amount of $62,884.50. In accordance with General Order #9, petitioner states that he has advanced $4,434.50 in reimbursable costs in pursuit of his claim.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of petitioner's request and respondent's counsel's lack of objection to petitioner's counsel's fee request, the undersigned **GRANTS** petitioner's motion for approval and payment of attorneys' fees and costs.

Accordingly, an award should be made as follows:

in the form of a check jointly payable to petitioner and to Daniel M. Graham, of the Law Office of Daniel M. Graham, in the amount of **$58,450.00**, and

in the form of a check, payable solely to petitioner, in the amount of **$4,434.50**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.